UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALAN G. BREGEN,
Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Civil Action No. 1:09-cv-347

Spiegel, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case through counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 8), and petitioner's traverse brief. (Doc. 9). This matter is also before the court on petitioner's pro se motions to compel and to hold in abeyance. (Docs. 10, 11).

**I. PROCEDURAL HISTORY**

Petitioner was indicted on eight counts of rape of his two children, who were five and six years old at the time of the offenses, in violation of Ohio Rev. Code § 2907.02(A)(1)(b). (Doc. 8, Exhs. 1, 7). He initially pleaded not guilty to the charges. (Doc. 8, Exhs. 2, 3). Pursuant to a plea agreement, petitioner pleaded guilty to counts I, II, V, and VI, and the state agreed to dismiss the remaining four counts. (Doc. 8, Exh. 4). Petitioner was sentenced to serve a 10-year prison term for each of the four counts, to be served consecutively. (Doc. 8, Exh. 6). The court issued a written decision in which it classified appellant as a sexual predator pursuant to Ohio Rev. Code § 2950.09 and held a hearing at which it explained to appellant his reporting responsibilities as a sexual predator. (Doc. 8, Exhs. 6, 7).

Petitioner, through counsel, timely appealed his sexual predator classification and sentence

to the Twelfth District Ohio Court of Appeals. (Doc. 8, Exhs. 8-9). The Ohio Court of Appeals affirmed petitioner's sexual predator classification, but vacated his sentence and remanded the case for resentencing under *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). (Doc. 8, Exh. 11).

On December 28, 2006, the trial court resentenced petitioner to the same sentences originally imposed. (Doc. 8, Exh. 12).

Through counsel, petitioner filed a timely appeal with the Ohio Court of Appeals alleging, *inter alia*, that he was improperly sentenced to non-minimum, maximum, and consecutive terms in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner also challenged the ex post facto application of *Foster*. (Doc. 8, Exhs. 13, 14). The Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 8, Exh. 16).

Petitioner's appeal to the Supreme Court of Ohio was dismissed as not involving any substantial constitutional question. (Doc. 8, Exhs. 17-20).

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following ground for relief:

> **GROUND ONE:** The severance remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1 (2006), violates the ex post facto doctrine and the Due Process Clause of the United States Constitution.
>
> **Supporting facts:** When the instant offenses occurred, factual findings mandated by the Ohio Revised Code were required to be made before non-minimum, maximum, and/or consecutive sentences could be imposed. Subsequent to *Foster,* those required findings were improperly excised from Ohio's sentencing proceedings, and Mr. Bregen was sentenced without the procedural protections that were afforded by those findings. Further, *Oregon v. Ice* makes it apparent that Ohio's statutory provisions regarding consecutive sentencing were never unconstitutional, thus the *Foster* remedy acted to arbitrarily deprive Mr. Bregen of the process provided by those provisions.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 130 S. Ct. 1171, 1173 (2010).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

3

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

If a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale*, 375 F.3d at 436.

**III. THE SEVERANCE REMEDY THAT THE OHIO SUPREME COURT SET FORTH IN *STATE V. FOSTER*, 109 OHIO ST.3D 1 (2006) DOES NOT VIOLATE THE EX POST FACTO DOCTRINE AND THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.**

Ground One of the petition asserts that the forty-year sentence imposed on petitioner after resentencing violates his constitutional rights. The rape offenses on which petitioner was convicted occurred from October 2004 through June 2005. Petitioner was resentenced on these convictions in 2006 under Ohio's sentencing statute as modified by the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied,* 127 S.Ct. 442 (2006). Petitioner contends that application of the *Foster* remedy to his resentencing violates ex post facto principles and due process. He asserts that the prior statutory presumptions in favor of minimum, concurrent terms were eliminated by *Foster* to the detriment of individuals committing offenses pre-*Foster*. He also alleges that *Foster* allows the imposition of greater penalties than were permissible under the

4

original pre-*Foster* sentencing statute. For the reasons that follow, the undersigned disagrees and recommends the habeas petition be denied.

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely,* the Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment right to trial by jury under the United States Constitution. The Supreme Court in *Blakely* reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in the original). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-304.

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they

5

mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Supreme Court of Ohio in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Supreme Court of Ohio determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and permitted courts to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was indicted in 2005, Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), required a judicial finding "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender

6

or others" to justify the imposition of more than the minimum sentence. Under Ohio Rev. Code § 2929.14(C), the maximum prison term could be imposed upon offenders who, inter alia, "committed the worst forms of the offense" or "pose the greatest likelihood of committing future crimes." The statute also permitted the imposition of consecutive sentences if "necessary to protect the public from future crime or to punish the offender" as long as additional findings enumerated in the statute were met. *See* Ohio Rev. Code § 2929.14(E)(4).

When petitioner was resentenced in December 2006 under the new *Foster* sentencing scheme, the trial judge had full discretion to impose any prison sentence within the statutory range for any reason or no reason, without having to make findings for imposing more than minimum, maximum, or consecutive sentences on petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98; *see also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n.1 (6th Cir. 2007). The State was under no burden "to prove *anything* before the court could select any sentence within the appropriate sentencing range." *Wentling v. Moore*, 2008 WL 2778510, *8 (N.D. Ohio July 14, 2008) (emphasis in the original).

Petitioner's felony one convictions for rape subjected him to a sentence between three and ten years on each count. *See* Ohio Rev. Code § 2929.14(A)(1). Petitioner was sentenced to the maximum term of imprisonment of ten years on each count, for a total of forty-years imprisonment. Thus, the trial judge's sentence on each offense was within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely*.

Petitioner nonetheless argues that the application of the *Foster* sentencing scheme had an impermissible *ex post facto* effect on his sentences. As explained above, pursuant to *Foster*, the sentencing court may impose non-minimum, maximum, and consecutive terms of imprisonment in

7

its discretion without making any findings of fact. 109 Ohio St.3d at 30, 845 N.E.2d 498. Petitioner contends that since the indictment was issued in 2005, prior to the *Foster* decision, he was entitled to be sentenced under the pre-*Foster* sentencing scheme in existence at the time he committed his offenses in 2004 and 2005 which, under *Blakely*, meant there was a presumption that petitioner, who had not previously served a prison term, would be given minimum, concurrent terms of imprisonment unless a judge made the findings required by statute. (Doc. 9 at 6, citing Ohio Rev. Code § 2929.14(B), (E)). Petitioner argues that the *Foster* severance remedy resulted in the impermissible increase of his sentence from the presumptive minimum, concurrent sentence without the trial court having to make any findings on the record as had been required under Ohio Rev. Code § 2929.14(B) and (E)(4) and constitutes the infliction of a greater punishment than the law allowed for the offenses when they were committed.

Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) " makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee,* 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull,* 3 U.S. 386, 390 (1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10. Ex Post Facto Clause concerns are not triggered in the case-at-hand because the clause "does not of its own force apply to the Judicial Branch of government." *Hooks v. Sheets,* 603 F.3d 316, 321 (6th Cir. 2010) (internal quotation marks and citation omitted); *see also Rogers,* 532 U.S. at 456, 460 (refusing to extend the strictures

of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit *ex post facto* judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354-55 (1964)); *see also Hooks,* 603 F.3d at 321.

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning" because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner of the rape charges, and petitioner was aware of the potential penalties he faced on such charges both before and after *Foster*. In 2004 and 2005, when petitioner's crimes were committed, the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum, maximum, and consecutive sentences as long as the court made certain findings consistent with Ohio Rev. Code § 2929.14(B), (C), and (E)(4). In other words, petitioner was on notice that he faced somewhere between three and ten years for the commission of a first degree felony and that those sentences could run consecutively so long as the sentencing judge made the requisite findings. Similarly, post-*Foster,* petitioner knew that the trial court retained the discretion to impose consecutive sentences within the statutory range of three to ten years on each rape offense. Therefore, both before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

Petitioner cannot prevail on any claim that application of the *Foster* remedy on his resentencing violated federal constitutional ex post facto principles. This argument and its various permutations have been thoroughly discussed and universally rejected by the federal and state courts in Ohio. *See Wright v. Lazaroff*, 643 F. Supp.2d 971, 1003-1005 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.) (and cases cited and quoted therein); *Smith v. Brunsman*, 626 F. Supp.2d 786, 793-795 (S.D. Ohio 2009) (Barrett, J.; Black, M.J.); *Kelley v. Brunsman*, 625 F. Supp.2d 586, 606-608 (S.D. Ohio 2009) (Spiegel, J.; Hogan, M.J.).[1] *See also Hooks v. Sheets*, No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein), *aff'd*, 603 F.3d 316 (6th Cir. 2010); *State v. Elmore*, 122 Ohio St.3d 472, 473, 912 N.E.2d 582, 584 (2009) (and cases cited therein) (resentencing pursuant to *Foster* for offenses that occurred prior to *Foster* does not violate Sixth Amendment right to jury trial or Ex Post Facto or Due Process Clauses of United States Constitution).

---

[1] *See also Sieng v. Wolfe*, No. 2:08cv44, 2010 WL 2232384, at *15 (S.D. Ohio June 2, 2010) (Watson, J.) (unpublished) (and cases cited therein); *Ashley v. Gansheimer*, No. 1:08cv2556, 2010 WL 1924459, at *3-5 (N.D. Ohio May 12, 2010) (O'Malley, J.) (unpublished) (and cases cited therein); *Hatfield v. Warden, Ross Corr. Inst.*, No. 2:08cv1152, 2010 WL 2196282, at *8 (S.D. Ohio May 3, 2010) (unpublished Report & Recommendation) (and cases cited therein), *adopted*, 2010 WL 2196273 (S.D. Ohio May 28, 2010) (Holschuh, J.) (unpublished); *Rettig v. Jefferys*, 557 F. Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject[ing] *ex post facto* challenges to the *Foster* decision"); *Smith v. Welch*, No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman*, No. 1:08cv2522, 2009 WL 2143746 (N.D. Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); *Mason v. Brunsman*, No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe*, No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D. Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper*, No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson*, No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D. Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman*, No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe*, No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D. Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden, Noble Corr. Inst.*, No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D. Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision"); *Collins v. Warden, Chillicothe Corr. Inst.*, No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely*, his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

The same reasoning contained in these decisions rejecting *ex post facto* challenges to *Foster* applies to the case-at-hand. *Foster* did not change the elements of the crimes of which petitioner was convicted and petitioner had fair warning that he faced the same penalty ranges in the sentences for those offenses both before *Foster* (when he committed the offenses) and after *Foster*. *Cf. McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763, at *11 (N.D. Ohio Feb. 1, 2008) (unpublished). *See also Garrett v. Warden*, No. 3:09-cv-058, 2009 WL 1416047, at *4 (S.D. Ohio May 19, 2009) (Merz, M.J.) (holding petitioner has no "reliance interest" in pre-*Foster* sentencing law).[2] Thus, petitioner was not deprived of his due process rights when the trial court resentenced him to non-minimum, maximum, and consecutive sentences.

Petitioner also argues that application of the *Foster* remedy to impose consecutive sentences at resentencing violated his due process rights in light of the Supreme Court's decision in *Oregon v. Ice*, 129 S.Ct. 711 (2009). In *Ice*, the Supreme Court held that judicial fact-finding resulting in the imposition of consecutive sentences does not violate the Sixth Amendment "in light of historical practice and the authority of States over administration of their criminal justice systems." *Id.* at 714-15. Petitioner contends that *Foster* "arbitrarily severed what is now known to be an entirely constitutional procedure, one mandated by the Ohio General Assembly, that was required to be followed before imposition of consecutive terms of imprisonment." (Doc. 9 at 8). Petitioner argues he was disadvantaged "by the utterly indefensible severance of a statutorily created procedure that a

---

[2] *Miller v. Florida*, 482 U.S. 423 (1987), relied on by petitioner, is inapposite because that case involved revisions in the state's sentencing guidelines that increased the defendant's presumptive sentence range. *See Miller*, 482 U.S. at 427, 432-33. In contrast, *Foster* did not effect any change in the penalty that petitioner faced. As noted by the *Garrett* Court, "[T]he revised sentencing guidelines in *Miller* were a legislative act, not a judicial act" thus triggering "the more expansive protections against retroactivity of the Ex Post Facto Clause, rather than the more limited due process protections." *Garrett*, 2009 WL 1416047, at *4.

11

trial court would have had to follow in 2005 to overcome the statutory presumption of concurrent terms of imprisonment." (Doc. 9 at 8).

Although in hindsight it appears that the provision in Ohio's pre-*Foster* sentencing statute pertaining to consecutive sentencing determinations would now be found to pass constitutional muster under the Sixth Amendment under *Ice*, it does not follow that the imposition of consecutive sentences under the post-*Foster* statutory scheme violates due process and ex post facto principles as suggested by petitioner. Foreseeability of the penalty is the key. As recently explained by the Sixth Circuit in *Hooks v. Sheets,* 603 F.3d 316, 321 (6th Cir. 2010):

> At the time Hooks committed his crimes, Ohio permitted the court to impose consecutive rather than concurrent sentences if it found particular facts, *see* ORC § 2929.14(E)(4), and explained its "reasons for imposing the consecutive sentences," ORC § 2929.19(B)(2)(c). The Ohio Supreme Court nevertheless determined that these statutory provisions violated *Blakely* because they allowed the imposition of longer sentences-consecutive sentences-based upon judicial factfinding. *Foster,* 845 N.E.2d at 491.
>
> Regardless of the court's determination in *Foster,* the maximum sentence to which Hooks was constitutionally subject contemplated consecutive sentences. Hooks would have the court calculate his maximum sentence as being imposed concurrently based solely on the facts found by a jury at the time of sentencing, because he argues that this calculation is mandated by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, *Apprendi* does not limit the calculation of Hooks's potential sentence to concurrent sentences when the judicial fact-finding here is allowed under *Ice.* Thus, Hooks was initially and constitutionally subject to consecutive sentences according to the "guided discretion" of the court. *See Foster,* 845 N.E.2d at 495. Moreover, Hooks was always aware of the potential for consecutive sentences. On re-sentencing post- *Foster* he remained subject to consecutive sentences within the discretion of the court. Since Hooks was *always* subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns.

603 F.3d at 321 (emphasis in original).

Similarly, when petitioner was resentenced in December 2006 to the same terms of imprisonment, petitioner knew that the trial court retained the discretion to impose consecutive

12

sentences for multiple offenses. Both before and after *Foster*, petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties. Therefore, the imposition of consecutive terms of imprisonment on resentencing did not violate petitioner's due process rights.

Petitioner also challenges the severance remedy in *Foster* as not analogous to that in *Booker*. In *Booker*, only a limited portion of the federal sentencing statute was severed while maintaining significant parts of the statute to effect Congressional intent. *Booker* also preserved appellate review of the reasonableness of the sentence. Petitioner contends that in contrast, the *Foster* remedy severed large portions of Ohio's sentencing statutes thereby eliminating the legislative goals of uniformity and proportionality in Ohio's sentencing scheme, as well as the ability of an appellate court to effectively review a sentence. (Doc. 9 at 9-10).

While the severance schemes in *Booker* and *Foster* are not identical, the *Foster* scheme does not violate the constitution. In rejecting this same argument, the district court in *Smathers v. Duffy*, No. 3:09cv160, 2009 WL 3698414 (N.D. Ohio Nov. 2, 2009) reasoned:

> First, the Ohio Supreme Court determined that the remedy fashioned in *Foster* preserved the intent of the Ohio legislature. *Foster*, 109 Ohio St.3d at 26, 28-30, 845 N.E.2d at 494-95, 497-99. This is a matter of state law, and this court is without authority to find that the Ohio Supreme Court erred in its statement of Ohio law. Second, there is no federal constitutional right to an appeal. *Abney v. United States*, 431 U.S. 651 (1977); *Hollin v. Sowders*, 710 F.2d 264, 267 (6th Cir. 1983); *Horton v. Bomar*, 335 F.2d 583, 584 (6th Cir. 1964). Even if an appeal were entirely foreclosed by the decision in *Foster*, this would not necessarily offend the United States Constitution. [Petitioner] cites no holding of the Supreme Court that such a result is, in fact, unconstitutional. As [petitioner] does not demonstrate that her sentence is contrary to a holding of the United States Supreme Court, she does not demonstrate that she is entitled to habeas relief.

*Smathers*, 2009 WL 3698414, at * 11 (N.D. Ohio 2010). *See also Schweitzer v. Williams*, ___ F.

13

Supp.2d __, 2010 WL 649736, at *13-17; *Garrett*, 2009 WL 1416047, at *5. *In accord Torres v. Beightler*, No. 1:09cv191, 2009 WL 2705880, at *10 (N.D. Ohio Aug. 27, 2009). Therefore, despite any dissimilarities between the *Booker* and *Foster* severance remedies, petitioner has failed to establish that such differences violate his federal constitutional rights.

For the foregoing reasons, Ground One of the petition is without merit and should be denied.

### IV. PETITIONER'S PRO SE MOTIONS SHOULD BE DENIED.

Petitioner's pro se motions to compel and to hold in abeyance (Docs. 10, 11) seek an order from the Court compelling his attorney to meet with him and to stay any decision in this matter pending such a meeting. Petitioner asserts that recent decisions by the Ohio Supreme Court within the last several months on issues involving "allied offenses and merged offenses," sexual predator specifications, and post-release control specifications "may render this Habeas Corpus Petition moot." (Doc. 11 at 1).

Petitioner's motions should be denied. It appears that petitioner may wish to bring additional grounds for relief in support of his habeas corpus petition based on these recent Ohio Supreme Court cases. However, petitioner has not advised the Court of the new, federal claims he wishes to bring. Even if the Court were to grant petitioner leave to amend his petition, petitioner has not shown good cause for his failure to exhaust his state court remedies on any new claims or that these unexhausted claims are potentially meritorious–the prerequisites for obtaining a stay of federal habeas proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In the absence of such showings, it would be an abuse of this Court's discretion to grant the stay. Finally, Court is without the authority to order a face-to-face meeting between an attorney and his or her client or to interfere with the attorney-client relationship. Petitioner has not shown he is entitled to the relief

sought by his motions. Therefore, the motions should be denied.

## IT IS THEREFORE RECOMMENDED:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. Petitioner's pro se motions to compel and to hold in abeyance (Docs. 10, 11) should be DENIED.

3. A certificate of appealability should not issue with respect to the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/17/10

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALAN G. BREGEN,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-347

Spiegel, J.
Hogan, M.J.

### NOTICE

Attached hereto is a Report and Recommendation issued in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **within 14 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within 14 days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).