UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALAN G. BREGEN,                    :
                                   :
        Petitioner,                :    NO. 1:09-CV-00347
                                   :
    v.                             :
                                   :    **OPINION AND ORDER**
WARDEN, LEBANON CORRECTIONAL       :
    INSTITUTION                    :
                                   :
        Respondent.                :


        This matter is before the Court on the Magistrate Judge's
Report and Recommendation (doc. 12), and Petitioner's Objections
(doc. 15).  For the reasons indicated herein, the Court ADOPTS and
AFFIRMS the Magistrate Judge's Report and Recommendation, DENIES
Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and DENIES
Petitioner's Motions to Compel and Hold in Abeyance (docs. 10, 11).

**I.   Background**

        Petitioner is currently incarcerated at the Lebanon
Correctional Institution, serving a forty year prison sentence,
having entered a plea of guilty to four counts of rape, in violation
of Ohio Rev. Code § 2907.02(A)(1)(b) (docs. 8, 12).   After
Petitioner appealed such sentence, the Ohio Court of Appeals
affirmed his sexual predator classification, but vacated his
sentence and remanded the case for resentencing under State v.
Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006) (Id.).  The trial
court resentenced Petitioner to the same sentences originally

imposed (Id.).

　　　　　With counsel, Petitioner challenges his sentence in the instant Petition for Writ of Habeas Corpus, on the sole ground that the severance remedy that the Ohio Supreme Court set forth in State v. Foster, 109 Ohio St. 3d 1, violates the ex post facto doctrine and the Due Process Clause of the United States Constitution (doc. 1).  Specifically, Petitioner contends that when he committed his offenses, factual findings were mandated by the Ohio Revised Code before non-minimum, maximum and/or consecutive sentences could be imposed (doc. 12).  Subsequent to Foster, those findings were excised from Ohio sentencing proceedings, such that Petitioner claims he was deprived of procedural protections afforded by the findings (Id.).  In addition to his Petition, Petitioner has filed a motion to compel and to hold in abeyance (docs. 10, 11), in which he seeks an Order for the court compelling his attorney to meet with him and also an order staying any decision in this matter pending such a meeting.

## II.  The Magistrate Judge's Report and Recommendation

　　　　　The Magistrate Judge reviewed the record, found that Petitioner clearly had notice of the penalties he could face when he entered his pleas, and had "fair warning" of such penalties both before and after Foster (doc. 12).  The Magistrate Judge found that Petitioner cannot prevail on any claim that the application of the Foster remedy on his resentencing violated federal constitutional

ex post facto principles (Id. citing Wright v. Lazaroff, 643 F. Supp.2d 971, 1003-05 (S.D. Ohio, 2009), Smith v. Brunsman, 626 F. Supp.2d 786, 793-95 (S.D. Ohio 2009), Kelley v. Brunsman, 625 F. Supp.2d 586, 606-08 (S.D. Ohio 2009), Ohio v. Elmore, 912 N.E.2d 582, 584 (Ohio, 2009)(resentencing pursuant to Foster for offenses that occurred prior to Foster does not violate the Sixth Amendment right to jury trial or Ex Post Facto or Due Process Clauses of the United States Constitution)).  Citing Hooks v. Sheets, 603 F.3d 316, 321 (6th Cir. 2010), the Magistrate Judge noted that ex post facto concerns are not triggered in this case, because the clause "does not of its own force apply to the Judicial Branch of government" (Id.).  Although due process concerns can apply to retroactive judicial decision-making, Bouie v. City of Columbia, 378 U.S. 347, 351, 52, 54-55)(1964), the Magistrate Judge found such concerns are only triggered where Petitioner could show he lacked notice or fair warning of potential penalties he faced (Id.).  Because Petitioner cannot make such a showing here, the Magistrate Judge found no basis for Petitioner's claim, and recommended that the Court deny it.

The Magistrate Judge also recommended the Court deny Petitioner's motions to compel and to hold in abeyance, as Petitioner has not shown good cause for his failure to exhaust any potential new federal claims he wishes to bring (doc. 12, citing Rhines v. Weber, 544 U.S. 269, 277-78 (2005)).  Moreover, the Magistrate Judge found the Court is without authority to order a

3

face-to-face meeting between an attorney and his or her client, or interfere with the attorney-client relationship (Id.).

## III. Discussion

Although Petitioner's counsel makes a compelling argument, in reliance on Bouie v. Columbia, 378 U.S. 347, 353 (1964), that "an unforseeable judicial enlargment of a criminal statute, applied retrocatively, operates precisely like an ex post facto law, such as Art. I, §10, [which] the Constitution forbids," the Court finds no such violation here. The Supreme Court frames any such potential violation within the "core due process concepts of notice, forseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee, 532 U.S. at 459 (2001). Here, Petitioner was clearly on notice that he faced a potential sentence of up to ten years for each of the charges brought against him to which he pled guilty (doc. 8, Ex.4), when he was sentenced initially, and also when he was resentenced to the exact same sentence.

The Magistrate Judge's analysis, this Court's own precedent, and the universal rejection of Petitioner's arguments by both federal and Ohio courts, compel the Court to similarly reject Petitioner's theory that the Foster remedy violated his constitutional rights. The Court further finds no basis for Petitioner's pro se motions, and adopts and affirms the Magistrate

4

Judge's recommendation that such motions be denied.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including, that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter, de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 12).  Therefore, Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is DENIED WITH PREJUDICE, and Petitioner's pro se motions to compel and hold in abeyance (docs. 10, 11) are DENIED.

The Court further FINDS that a certificate of appealability should not issue with respect to the Petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein.  28 U.S.C. §2253(c), Fed. R. App. P. 22(b).  Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in good faith and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P.

5

24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.

Dated: February 9, 2011    <u>/s/ S. Arthur Spiegel</u>
                                S. Arthur Spiegel
                                United States Senior District Judge